ALLEN LICHTENSTEIN, NV BAR 03992
MARGARET A. MCLETCHIE, NV BAR 10931
LEE B. ROWLAND, NV BAR 10209
JUDY C. COX, NV BAR 11093
AMERICAN CIVIL LIBERTIES UNION OF NEVADA
732 S. 6th St. Suite 200A
Las Vegas, NV 89101
Telephone 702-366-1536
Facsimile 702-366-1331

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DOES 1 – 4,<br><br>    Plaintiffs,<br><br>  vs.<br><br>United States Attorneys, District of Nevada,<br><br>    Defendants. | Case No. 2:09-cv-01083 KJD-PAL<br><br>**SECOND MOTION TO UNSEAL ALL SEALED DOCUMENTS** |

### SECOND MOTION TO UNSEAL ALL SEALED DOCUMENTS

Come now Plaintiffs, by and through their attorneys of record, and file this Second Motion to Unseal. This motion is based on all pleadings and motions filed to date, as well as any argument this Court allows.

### I.   INTRODUCTION

DOES have filed a civil challenge based on the premise that the government's two grand jury subpoenas to the Review-Journal seeking information about certain online commenters are unconstitutional. In responding to DOES' first Motion to Unseal, the government asserted that DOES' lawsuit "arises from a grand jury investigation" and therefore the government is *required* to file its pleadings ex parte *and* under seal (Doc. 28, Opp. at 3:4-6): however the government cited to no case law proving such a strict requirement, nor did it

1

defend its reliance on such an unsupported interpretation of the rule. The grand jury secrecy rule does not extend nearly as far and wide as the government would have us believe, and a closer look at the government's own admissions and actions proves that it is just using the rule as an easy excuse because it is convenient. The fact that the government filed under seal such documents as their motions to dismiss (Doc. 8, as amended Docs. 14, 15), their opposition to a recusal motion (Doc. 16), and their opposition to a motion to unseal (Doc. 28), all of which are based on general legal or procedural arguments, and do not even remotely rely on secret grand jury material, shows that the government is not seriously following the secrecy rules and is merely using it as a pretext to keep documents from public view when convenient, but will abandon that argument when challenged. On August 18, 2009, this Court ordered all documents filed to date be unsealed.

Now the government has filed under seal a Reply in Support of its Amended Motion to Dismiss: a reply which contains absolutely no reference to any secret matter occurring before the grand jury. Like the other documents before it, this Reply contains absolutely no grand jury information other than mere references to the fact that there is a grand jury and an ongoing investigation – facts of which the public is well aware. This Reply (presumably Doc. 30) must be unsealed and the government should be prohibited from filing any more documents under seal unless they first seek permission from this Court and DOES' are afforded a chance to oppose the sealing.

**II. PROCEDURAL HISTORY**

After the government had filed several documents under seal – documents such as: a motion to dismiss (Doc. 8); an amended motion to dismiss (Docs. 14, 15); and an opposition to a recusal motion (Doc. 16), DOES filed a motion to unseal. (Doc. 23.) The government filed a

sealed "non-opposition" in which it still argued that the grand jury secrecy rule did apply, (Doc. 28, Opp. at 3:4-6) but that, because DOES had now been served with a copy of everything, the government would not oppose unsealing all documents filed to date. (Opp. at 5:4-5.)

Although the government's response did not oppose unsealing (Opp. at 4:22–5:2) it failed to address DOES' fundamental argument that grand jury material is neither sought after nor necessary for the government to defend itself in this case, and the government is still trying to reserve the right to file sealed *ex parte* documents in the future. (Opp at n.2.) By not opposing, the government was also able to avoid having to explain its logic behind relying on an obviously inapplicable rule in order to file several procedural motions under seal.

On August 18, 2009, this Court ordered that all documents filed to date be unsealed. (Doc. 29.) On August 19, 2009, the Government filed another document under seal – a Reply in support of its Amended Motion to Dismiss. The Reply addressed DOES' argument that their constitutional challenge against the subpoenas was not moot simply because the Review-Journal had complied with the subpoena.

### III. ARGUMENT

The government's Reply in Support of its Amended Motion to Dismiss should never have been filed under seal. Like the government's motions to dismiss and its oppositions to DOES' recusal motion and motion to unseal, its Reply also makes no mention of any matter occurring before the grand jury. The grand jury secrecy rule does not apply to any and all documents filed by the government, and even assuming there had been a colorable need in the past to place some nugget of secret grand jury information in a motion, the publicity surrounding this case has destroyed any purpose served by the secrecy rules.

Most importantly though, is the fact that, going forward, it is entirely unnecessary for the government to cite to any grand jury information to defend itself against a constitutional challenge. All that is required to rebut DOES' First Amendment arguments are the online comments – which are public – and an application of relevant First Amendment case law – also public. Any reliance on the grand jury secrecy rule and the needless mention of grand jury information is therefore a mere pretext to keep the government's arguments from public view.

> a. **Rule 6 of the Federal Rules of Criminal Procedure Does Not Automatically Apply To Anything And Everything Which The Government Chooses To File Under Seal.**

The government asserts that DOES' lawsuit "arises from a grand jury investigation" and therefore it is *required* to file its pleadings ex parte *and* under seal. (Opp. at 3:4-6.) The grand jury secrecy rule is not nearly that broad, and a closer look at the case law and the government's own contrary admissions and actions proves that it is just using the rule as an easy excuse when it is convenient.

The government filed under seal such documents as their motion to dismiss (Doc. 8); their amended motion to dismiss (Docs. 14, 15); their opposition to a recusal motion (Doc. 16); and their opposition to a motion to unseal (Doc. 28), all of which were based on general legal or procedural arguments and do not rely or secret grand jury material whatsoever. When challenged by DOES' Motion to Unseal, the government also waived the secrecy rule rather than explaining its reliance on it. The government's non-opposition simply stated that, because the government had already given copies of the documents to DOES, there was no longer any need for secrecy.

The government tries to paint the secrecy rule with a wide brush: "Because their lawsuit arises from a grand jury investigation, Rule 6 of the Federal Rules of Criminal Procedure required the Government to file its pleadings *ex parte and under seal*, or risk sanctions[1] from this Court." (Opp. at 3:4-6.)(emphasis added). What the government fails to address is that the grand jury secrecy rule is limited by its own terms to "*matters occurring before a grand jury,*" Fed. R. Crim. P. 6(e)(2), and the U.S. Supreme Court has explained why and when secrecy is needed. Rule 6(e)(2) shields only "matters occurring before a grand jury" and it only shields them in order to: (1) prevent the escape of prospective indictees; (2) insure the grand jury of unfettered freedom in its deliberations; (3) impede the subornation of perjury and tampering of witnesses by targets of the investigation; (4) encourage forthrightness in witnesses without fear of retaliation; and (5) shield those who are exonerated. *Proctor & Gamble Co.,* 356 U.S. 677, 681 n.6 (1958).

Examples of "matters occurring before the grand jury" are (1) transcripts of the testimony of witnesses and statements made before the grand jury; (2) internal governmental memoranda that reflect what transpired before the grand jury, *United States Industries, Inc. v. United States District Court*, 345 F.2d 18, 20-21 (9th Cir. 1965); (3) witness interviews and auditor's analyses that have been prepared for grand jury use, *In re Grand Jury Matter (Garden Court Nursing Home, Inc.),* 697 F.2d 511, 512-13 (3d Cir.1982); and (4) information which

---

[1] However, according to Rule 6 and the government's Opposition, disclosure by a government attorney, could lead to contempt; therefore, had the government truly believe that rule 6(e) applied, it should have feared being held in contempt for releasing the information to DOES' attorneys as well. *See e.g., In re: Sealed Case No. 99-3091*, 192 F.3d 995, 1001 (D.C. Cir. 1999) (A prima facie violation of Fed. R. Crim. Pro. 6(e) is established by showing the disclosure of "matters occurring before the grand jury" where the source of that information includes government attorneys). Yet the government also admits that it has filed unsealed documents and given sealed copies to DOES (Opp. at 4:22-24.). The government also waived the secrecy rule in their non-opposition to DOES' motion to unseal. (See Doc. 28 at 4:22–5:2.)

reveals the identities of witnesses or jurors, the substance of the testimony or evidence, and the deliberations or questions of the grand jury. *In the Matter of Electronic Surveillance*, 596 F.Supp. 991, 995-96 (E.D. Mich. 1984). Rule 6(e) could also apply to events that will occur, such as statements which (1) identify persons who have been subpoenaed to testify; or (2) designate the date on which an indictment will be returned. *Lance v. U.S. Dept. of Justice*, 610 F.2d 202, 217 (5th Cir. 1980).

The purpose of Rule 6(e)(2) is to protect the inner workings of the grand jury. The more a document reveals about that work, the greater the protection it receives under the rule. *See In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306-07 (8th Cir. 1988). It does not pertain to documents whose relation to grand jury proceedings is merely peripheral. A simple review of the government's prior filings shows that there is nothing relating to "matters occurring before the grand jury" in the government's legal filings and they contain basic legal and procedural arguments.

First, neither of the government's motions to dismiss mentioned any "matter occurring before the grand jury" and except for a few minor changes in phrasing and the amount of background information, the government's Motion to Dismiss (Doc. 8) and its Amended Motion to Dismiss (Doc. 15) are nearly identical. Both documents simply argue that DOES' challenge is moot under the Article III case and controversy requirement because the Review-Journal complied with the subpoena and both documents cite to standard case law regarding mootness. The only justification the government gives for filing both under seal is that it believed that DOES' attorneys were not aware of the Review-Journal's compliance with the subpoena (Doc. 8 at 4, n.1); (Doc. 15 at 4, n.1); however, the mere fact that the Review-Journal complied tells us nothing about the "inner workings" of the grand jury: it does not reveal the

testimony of witnesses or statements made before the grand jury, or what transpired before the grand jury nor does it reveal the identities of witnesses or jurors, the substance of the testimony or evidence, nor the deliberations or questions of the grand jury.

Secondly, the government's Opposition to DOES' Recusal Motion (Doc. 16) contained absolutely no information about matters occurring before the grand jury because none was necessary. The five-page document attacked DOES' reasoning to seeking recusal and cited to standard case law regarding recusal standards. There was absolutely no mention of any "matter occurring before the grand jury" yet the government somehow felt it was obligated, or had the right, to file this document under seal.

Finally, in its Opposition to DOES' Motion to Unseal (Doc. 28), the government talked about the grand jury secrecy rule, but never actually cited to any matter occurring before the grand jury to support its argument that all documents should be under seal. It merely mentioned that an investigation was ongoing – no surprise there – and that the government would decide whether or not to prosecute – again, this is standard procedure, not secret information. The government's Opposition to DOES' Motion to Unseal contained standard, very general legal arguments and case cites concerning grand juries, but did not and could not apply these general rules to the specifics of this case. No secret grand jury material was revealed, yet in a rather symbolically ironic gesture, the government felt it necessary to file its non-opposition to DOES' Motion to Unseal *under seal*.

In sum, when called upon to defend its reliance upon the grand jury secrecy rule, the government has failed to prove that secrecy was needed for those documents and simply relied on the fact that this case arose from two unconstitutional subpoenas in order to argue that

anything – even procedural motions completely unrelated to the subpoenas – must be filed under seal.

Now, the government has once again filed under seal a standard legal and procedural motion – a Reply in Support of its Amended Motion to Dismiss. (Doc. 30.) The grand jury secrecy rule does not apply to this document because, once again, the document contains no information concerning a matter before the grand jury which would trigger the secrecy rule.

### b. Due To the Public Disclosure of Facts Surrounding the Subpoena and The Government's Own Non-Opposition, Any Information Which Might Have Been Covered By the Secrecy Rule is Now Exempt.

Even assuming that the meager references to the fact that a grand jury exists and an investigation is ongoing were ever covered by the secrecy rule, the government cannot support its continued reliance on the rule because the purpose behind the rule is no longer served here. The grand jury secrecy rule shields only "matters occurring before a grand jury" and it only shields them in order to: (1) prevent the escape of prospective indictees; (2) insure the grand jury of unfettered freedom in its deliberations; (3) impede the subornation of perjury and tampering of witnesses by targets of the investigation; (4) encourage forthrightness in witnesses without fear of retaliation; and (5) shield those who are exonerated. *Proctor & Gamble Co.,* 356 U.S. at 681 n.6.

Once those "matters occurring before the grand jury" are made public, or once they have lost their protected character, they are no longer protected by the secrecy requirement of Rule 6(e). *See In re Federal Grand Jury Proceedings 03-01*, 337 F.Supp.2d 1218, 1220 (D. Or. 2004). *See also In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994) ( "There must come a time, however, when information is sufficiently widely known that it has lost its character as Rule

6(e) material. The purpose in Rule 6(e) is to preserve secrecy. Information widely known is not secret.")

What the government fails to realize is that grand jury secrecy is not an end in itself. Grand jury secrecy is maintained to serve particular ends, but once secrecy will not serve those ends, secrecy may and should be lifted. *U.S. Industries, Inc. v. U.S. Dist. Court for Southern Dist. of Cal.*, 345 F.2d 18, 22 (9th Cir. 1965). In *U.S. Industries*, cited by the government for proof that Rule 6 applies in civil cases, (Doc. 28, Opp. at 4:9-11) the district court did not blindly apply the secrecy rule, but instead actually looked at the reasons behind secrecy and noted that none of the 5 reasons listed in *Proctor & Gamble Co.,* 356 U.S. 677 warranted sealing the disputed document. *Id*. at 22. This Court should do the same.

Sealing the government's Reply in Support of it Amended Motion to Dismiss will not serve any of the purposes listed above because there is no grand jury information in the Reply which would trigger the above-listed needed protections. Even the government admits that the information contained in its filings is public knowledge: "[m]oreover, the Government acknowledges that certain aspects of the grand jury investigation contained in the Government's previous filings have already been reported in the R-J." (Opp. at 4:24-26.) Thus, the fact that the government issued two subpoenas, that the Review-Journal complied, and that an investigation is ongoing have lost their protected character – if they were ever protected to begin with – and no longer fall under the secrecy requirement of Rule 6(e).

Furthermore, the government cannot seriously argue that it must file all documents under seal and *ex parte* or risk sanctions because the government itself has not been consistent with its filings and never bothered to explain the difference. The government even notes in its opposition: "[n]evertheless, this Court has correctly noted that several of the Government's

9

previous filings have either (1) not been filed under seal or (2) have been filed under seal, yet served on the plaintiffs. (Doc. 28, Opp. at 4:22-24.) (Doc. 26 at n.1)  It is also curious that the government was somehow able to waive secrecy in its Non-Opposition.  This Court noted in its order granting DOES' first motion to unseal, "the Government does not object to the unsealing of all pleadings that have been filed under seal in this case, to date, pursuant to Fed. R. Crim. P. 6(e)(3)." (Doc. 29 at 1:15-16.)  If the information contained in the sealed documents really did include "matters occurring before the grand jury,"  the government could not waive the secrecy rule based on its own disclosure of that information[2] and the fact that it did so in this case proves that there really never was anything worth protecting to begin with.  The same is true for its Reply (Doc. 30) because nothing contained therein is covered by the secrecy rule and the government cannot support its action of filing under seal this motion which contains nothing more than standard legal and procedural arguments.

      c. **DOES Are Not Seeking Grand Jury Material and None Is Necessary For The Government To Defend Itself Against A Constitutional Challenge; Therefore No Future Documents Need Be Filed Under Seal.**

Filing a motion to unseal is not the same as seeking grand jury material. (see Opp. at 4:7-8.) DOES are seeking to make public all documents filed by the government – documents which contain absolutely no grand jury material whatsoever.   To characterize a motion to unseal as seeking grand jury material is wholly inappropriate, as the government itself chose not to oppose the motion to unseal based on the fact that DOES had either been served with copies of the filings or the public was already aware of the facts. (Opp. at 4:22-26.)   It is curious that the government accuses DOES of seeking access to grand jury material by moving

---

[2] *See e.g., In re Sealed Case No. 99-3091*, 192 F.3d 995, 1004 n.3 (D.C. Cir. 1999) (a prosecutor is not free to leak grand jury material and then make a self serving claim that the matter is no longer secret).

10

to unseal all documents when the government itself admits that no grand jury secrets were contained therein. (compare Opp. at 4:1-21 to 4:22 - 5:5.)

DOES are not seeking grand jury material and the government need not rely on any secret grand jury material to defend itself in this civil constitutional challenge. There is absolutely no need for the government to rely on secret grand jury material to defend itself against a constitutional challenge. The public already knows a grand jury subpoena was issued,[3] *and* the public has access to all comments made about the RJ article.[4] Moreover, the public knows which two comments are still being investigated by the second subpoena.[5] The two remaining comments are:

- "The sad thing is there are 12 dummies on the jury who will convict him. They should be hung along with the feds"
- "I bid 10 Quatloos that [a named prosecutor] does not celebrate his next birthday."

In *this* case, DOES' challenge rests upon the argument that the two remaining comments, as wells as all comments targeted by the first subpoena, are protected political speech and not true threats; therefore the government abused its prosecutorial discretion and the subpoenas must be quashed. (Doc. 9.) Based on the above facts, and the above statements alone, the government can engage in the argument of whether the above comments are protected speech or unprotected threats simply by using non-secretive constitutional case law.

---

[3] Thomas Mitchell, *Subpoena seeks names -- and lots more -- of Web posters*, Las Vegas Review-Journal, June 7, 2009, *available at* http://www.lvrj.com/opinion/47141327.html attached as Exhibit 2 to Doc. 9; Joan Whitely, *Review-Journal resists subpoena for names of readers who posted views*, Las Vegas Review-Journal, June 16, 2009, *available at* http://www.lvrj.com/news/48145032.html.

[4] See Exhibit 2 attached to DOES' First Motion to Quash (Doc. 2.)

[5] *U.S. prosecutors narrow subpoena*, Las Vegas Review-Journal, June 17, 2009, *available at* http://www.lvrj.com/news/48240147.html.

The actual arguments at hand – what the scope of the First Amendment is under these known facts – are not imaginably protected by the grand jury secrecy rule.

DOES argue that the two statements listed above (and all other posted comments) are protected speech. The government, in order to proceed with its subpoena and investigation, must prove that the statements are not protected speech. The government can do this by citing first amendment case law. From this point forward, the government is engaging in a purely legal constitutional argument over the scope of First Amendment protections as applied to the two publicly known statements. There is no "matter occurring before the grand jury" that will assist them in that argument.

In sum, grand jury secrecy rules do not apply in this case, because this is a civil action challenging the constitutionality of the government's actions. Thus, any attempt by the government to use the secrecy rules as an excuse to file future sealed *ex parte* documents is merely a pretext to gain an unfair advantage over DOES by pretending to need the protection of grand jury secrecy rules – rules which are inapplicable to *this* particular constitutional civil challenge.

////
////
////
////
////
////
////
////

### IV. CONCLUSION

For these reasons, the government's Reply in Support of its Amended Motion to Unseal (Doc. 30), as well as all future documents filed by the government is this action, should be unsealed or, in the alternative, the government should have to submit proof, prior to filing any sealed document, that such sealing is necessary and warranted[6] and DOES should be afforded the opportunity to respond.

Respectfully submitted, this 3rd day of September, 2009,

By:       /s/
Margaret A. McLetchie
Nevada Bar No. 10931
**ACLU OF NEVADA**
732 S. Sixth Street, Suite 200A
Las Vegas, NV 89101
(702) 366-1902
*Attorneys for DOES 1-4*

---

[6] In the Ninth Circuit, before a party can file sealed documents, it must petition the court for a protective order and must demonstrate "compelling reasons" to protect the document from public disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Unless a court record is one "traditionally kept secret," there is a "strong presumption in favor of access." *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995). The Ninth Circuit has identified two categories of documents that are "traditionally kept secret," and they are: (1) grand jury transcripts; and (2) warrant materials in the midst of a pre-indictment investigation. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). For all other documents, the party seeking to seal documents bears the burden of proving that compelling reasons exist to warrant sealing the documents. *Kamakana,* 447 F.3d at 1180, n.4.

**Certificate of Service**

I hereby certify that on this 3rd day of September, 2009, I caused to be served a true and correct copy of this SECOND MOTION TO UNSEAL ALL SEALED DOCUMENTS by Plaintiffs DOES 1-4 to all of the parties listed below via electronic service using the Court's CM/ECF filing system to:

Peter S. Levitt, Esq.
333 Las Vegas Blvd. South
Suite 5000
Las Vegas, NV 89101
Peter.s.levitt@usdoj.gov

                                                           _____/s/_____
                                                           Tamika Shauntee
                                                           An Employee of the ACLU of Nevada

1